**FILED**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

MAY 1 5 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| FRANK MARINO<br>8 Fox Hunt Lane<br>Setauket, NY 11733<br>Individually and on Behalf of All Others<br>Similarly Situated, | : <br> : <br> : <br> : <br> : <br> : |
| Plaintiff, | : <br> : |
| vs. | : <br> : CIVIL ACTION NO. _____<br> : <br> : CLASS ACTION COMPLAINT<br> : |
| NATIONAL ASSOCIATION OF<br>SECURITIES DEALERS, INC.<br>1735 K Street, NW<br>Washington, DC 20006 | : JURY TRIAL DEMANDED<br> : <br> : <br> : |
| EDS CORPORATION<br>5400 Legacy Drive<br>Plano, Texas, 75024 | : <br> : <br> : |
| Defendants. | : <br> : <br> : |

*JURY ACTION*

CASE NUMBER 1:06CV00915

JUDGE: Reggie B. Walton

DECK TYPE: Contract

DATE STAMP: 05/15/2006

## <u>CLASS ACTION COMPLAINT</u>

Plaintiff Frank Marino, individually and on behalf of all others similarly situated, by his attorneys, alleges the following upon information and belief, except as to his own actions, the investigation and discovery undertaken by counsel, and the facts that are a matter of public record, as follows:

### <u>OVERVIEW</u>

1.  Plaintiff files this class action on behalf of himself and all others similarly situated to obtain damages for the Class, as defined *infra* ¶29 (the "Class"), from Defendants National Securities Dealers Association, Inc. (hereinafter "NASD") and EDS Corporation (hereinafter "EDS") (collectively the "Defendants").

2.  As alleged more fully herein, NASD administered the Series 7 broker qualification examination ("Series 7") for approximately 60,500 people from October 1, 2004 to December 20, 2005 (the "Class Period").  On January 6, 2006, the NASD publicly announced that it erroneously failed 1,182 people on the Series 7 during the Class Period due to a software error. NASD announced that EDS was responsible for the software error.

3.  Defendants' actions have damaged Plaintiff and the Class members.  These damages included, *inter alia*:  lost compensation; lost employment; and costs related to taking and re-taking the Series 7.

## THE PARTIES

4.  Plaintiff Frank Marino is a resident of Setauket, New York.  Plaintiff was employed by Bank of America at the time he took the Series 7 on February 22, 2005.  Plaintiff Marino, however, was fired by Bank of America after he was erroneously told by the NASD that he failed the Series 7.

5.  Defendant NASD is a corporation with its executive offices located in this District at 1735 K Street, NW Washington, DC 20006.

6.  Defendant EDS is a corporation incorporated in Delaware with its headquarters at 5400 Legacy Drive, Plano, Texas, 75024.

## JURISDICTION AND VENUE

7.  This action is brought to remedy the negligence, breach of contract and interference with existing and future business relationships by Defendants in administering and scoring the Series 7 on behalf of Plaintiff and the Class members.

8.  This Court has jurisdiction over the parties and claims asserted herein pursuant to 28 U.S.C. § 1332(d)(2), in which the Plaintiff and/or at least one member of the Class are citizens of a State different from the Defendants named herein and the amount in controversy exceeds the sum or value of $5,000,000.

9.  Venue is proper in this District because: (a) at least one member of the class resides in this District; and (b) Defendant NASD's principal place of business in this District.

## SUBSTANTIVE ALLEGATIONS

10. The passing of the Series 7 qualifies a candidate to solicit, purchase, and/or sell all securities products.  A passing grade of 70% is required on the Series 7 for an individual to conduct securities business with the public.  The Series 7 consists of 250 multiple choice questions and is administered in two parts totaling 3 hours each.

11. The New York Stock Exchange develops the Series 7 but contracts with the NASD to adminster it.

12. The NASD is the largest securities-industry, self-regulatory organization in the United States.  The NASD oversees the activities of 5,100 brokerage firms, 115,940 branch offices and more than 657,800 registered securities representatives.  The NASD is, among other things, involved in licensing individuals and admitting firms to the securities industry.

13. The NASD maintains the qualification, employment and disclosure histories of member firms' registered securities employees through the automated Web Central Registration Depository ("CRD").  The CRD can be accessed by member firms and the public to determine whether individuals passed NASD administered examinations, including the Series 7.

14. The NASD administered the Series 7 to approximately 60,500 individuals from October 1, 2004 to December 20, 2005 (the "Class Period").

3

15. In order to take the Series 7, an individual must be sponsored through employment at a NASD member firm or a self-regulatory organization.

16. Plaintiff was sponsored by his former employer, Bank of America, to take the Series 7.

17. On February 22, 2005, Plaintiff took the Series 7 at Pearson View Professional Center in Islandia, New York.  Plaintiff received his test results immediately after he completed the exam.  He was given 69% and, therefore, failed the Series 7.  Plaintiff told his employer, Bank of America, that he failed the Series 7 on February 22, 2005.  Bank of America fired Plaintiff shortly thereafter on March 15, 2005.

18. On January 6, 2006, the NASD Press Release announced that it erroneously failed 1,882 of those individuals due to a software error.  The NASD further announced that it was contacting sponsoring firms and correcting individual records in its CRD database.  The NASD stated that the error was attributable to a software problem by EDS.

19. Plaintiff was notified on January 6, 2006 that his Series 7 exam results were incorrect and that he in fact had passed the Series 7 on February 22, 2005.

20. NASD entererd into a 10 year contract with EDS to manage and provide technologies for the NASD according to a June 2, 1999 NASD Press Release entitled "NASD and EDS Form Strategic Relationship."  EDS's responsibilities included developing and performing the functions related to the automated scoring function for the Series 7.

21. As a result of Defendants' conduct, Plaintiff has suffered lost compensation; lost employment; and costs related to taking the Series 7.

## CLASS ACTION ALLEGATIONS

22. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all persons in the United States who took the

Series 7 during the Class Period, whose tests were incorrectly scored and erroneously received false failing scores.

23. The class is so numerous that joinder of all of its members is impracticable. Upon information and belief, the potential class of person numbers approximately 1,882 people.

24. Common questions of law and fact exist as to the Class members and predominate over any questions solely affecting individual Class members. The questions of law and fact common to the Class include:

a.  Whether Defendants erroneously scored the Series 7 during the Class Period;

b.  Whether Defendants are negligent for failing to implement policies and procedures that would avoid scoring errors;

c.  Whether Defendants breached their contracts with Plaintiff and the Class members as a result of their actions;

d.  Whether Defendants interfered with the existing and future business relationships between Plaintiff and the Class members and their sponsoring firms (and any other persons) by erroneously reporting failing Series 7 scores when the Plaintiff and the Class members received passing scores; and

e.  Whether, as a result of Defendants' conduct, Plaintiff and the Class members incurred damages.

25. Plaintiff's claims are typical of the claims of the Class members that he seeks to represent. Plaintiff and the Class members have taken the Series 7 and received faulty failing scores when in fact they all passed. The damages sustained by Plaintiff and the Class members were caused directly by Defendants' negligent conduct.

26. Plaintiff will fairly and adequately represent the interests of the Class. Plaintiff's interests are the same as, and not in conflict with, the other Class members.

27. Plaintiff has retained counsel who has substantial experience in the area of class actions. This lawsuit will be capably and vigorously pursued by the Class representative and his counsel.

28. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since individual joinder of all members of the Class is impracticable. Even if any Class member could afford individual litigation, it would be unduly burdensome to the individual Courts. Individual litigation magnifies the delay and expense of all parties. By contrast, the class action device presents far fewer management difficulties and provides the benefit of unitary adjudication, economies of scale, and comprehensive supervision by a single Court. Concentrating this litigation in one forum would promote judicial consistency. The conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and the Court system, and protects the rights of each Class member. Notice of the pendency and of any resolution of this action can be provided to the Class members by print, broadcast, internet, and multimedia publication. The conduct of the class action in one court is also far superior to maintenance on a state-by-state basis of class actions all arising out of the same circumstances and course of conduct. A nationwide class will be more efficient, save judicial resources and reduce litigation costs, so that the Defendants are able to pay more of any recovery to Class members as opposed to paying attorneys' fees and costs in duplicative litigation.

29. Plaintiff requests that this Court certify the following Class pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) as appropriate:

All individuals in the United States who took the Series 7 between
October 1, 2004 and December 20, 2005 and whose tests
Defendants incorrectly scored and erroneously gave failing scores.

## COUNT I
## NEGLIGENCE AGAINST NASD AND EDS

30. The foregoing paragraphs are incorporated as if fully set forth herein.

31. Defendants owed the Plaintiff and Class members the duty to exercise reasonable care in the scoring of the Series 7.

32. Defendants breached their duties by providing Plaintiff and Class members with false failing test scores.

33. The scoring errors were the result of, and caused solely and proximately by, negligence, recklessness, carelessness, fault, and/or strict liability of Defendants for the following reasons:

A)  Defendants failed to properly score the Series 7;

B)  Defendants failed to timely notify the examinees of the incorrect scoring;

C)  Defendants failed to implement procedures by which the Series 7 scores were re-checked or re-scored;

D)  Defendants failed to implement appropriate procedures to prevent scoring inaccuracies;

E)  Defendants failing to hire competent persons or independent contractors to develop software to acccurately score the Series 7; and

F)  Any and all other acts of negligence and omissions by the Defendants to be proven through discovery or at the time of trial of this matter, all of which were in contravention of the exercise of due care and procedure.

34. Plaintiff and the Class members suffered damages as described herein as a result of Defendants' conduct.

## COUNT II
## BREACH OF CONTRACT AGAINST NASD

35. Plaintiff incorporates each of the preceding and subsequent paragraphs as if fully ser forth herein.

36. By submitting applications and fees to the NASD in connection with taking the Series 7, Plaintiff and the Class members entered into contracts with the NASD which contained express and/or implied provisions that the NASD would accurately score the Series 7 and provide Plaintiff and Class members with correct scores.

37. The NASD breached the contracts between it and Plaintiff and Class members to accurately score and properly administer the Series 7.

38. As a result of the NASD's breach, Plaintiff and the Class members suffered damages as described herein.

39. The damages suffered by Plaintiff and the Class members were the natural consequences of Defendants' conduct.

## COUNT III
## BREACH OF CONTRACT AGAINST EDS

40. Plaintiff incorporates each of the preceding and subsequent paragraphs as if fully ser forth herein.

41. NASD contracted with EDS to provide technological services, including running Series 7 related software systems. EDS develops and runs the software for the automated scoring of the Series 7.

42. Plaintiff and Class members were the intended third-party beneficiaries of the strategic relationship and agreement between the NASD and EDS to score the Series 7.

8

43. EDS breached its agreement with the NASD, failed to accurately develop Series 7 software and score the Series 7.

44. As a result of EDS's breach, Plaintiff and the Class members suffered damages as described herein,

45. The damages suffered by Plaintiff and the Class members were the natural consequences of EDS's conduct.

**COUNT IV**
**INTERFERENCE WITH EXISTING AND FUTURE BUSINESS**
**RELATIONSHIPS BY THE NASD AND EDS**

46. Plaintiff hereby incorporates each of the preceding and subsequent paragraphs as if fully set forth herein.

47. Defendants knew, or should have known, that Plaintiff and Class members are required to pass the Series 7 to conduct any securities business with the public.

48. Defendants' erroneously scored the Series 7 and informed Plaintiff and the Class members that they failed the Series 7 thereby preventing them from conducting any securities business.

49. The Defendants' actions resulted in Plaintiff and the Class members inability to conduct securities business and resulted in Plaintiff and some Class members losing their jobs.

50. As a result of the termination of employment and loss of employment opportunites caused by Defendants' conduct, Plaintiff and Class members suffered damages as described herein.

51. The damages suffered by Plaintiff and the Class members were the natural consequences of Defendants' conduct.

## PRAYER FOR RELIEF

Wherefore, Plaintiff, on behalf of himself and the Class, prays for judgment against Defendants as follows:

1. That this matter be certified as a class action, certify Plaintiff as Class Representative pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and appoint his attorneys as class counsel;

2. Award compensatory damages, including but not limited to, loss in salary, test fees, and any and all other damages, for the acts complained of herein to be proven at trial;

3. For pre-judgment interest from the date of filing this suit;

4. For reasonable attorneys' fees;

5. For all costs of this proceeding; and

6. For all general and special relief to which the plaintiff and the Class members are entitled by law.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all issues so triable.


Dated: May 12, 2006                    MEHRI & SKALET, PLLC

                                       By: _____
                                       Steven A. Skalet (D.C. Bar No. 359804)
                                       Cyrus Mehri (D.C. Bar No. 420970)
                                       Adam T. Savett (D.C. Bar No. 484254)
                                       1300 19th Street, NW; Suite 400
                                       Washington, DC 20036
                                       Telephone:    (202) 822-5100
                                       Facsimile:    (202) 822-4997

                                       SEEGER WEISS LLP
                                       Stephen A. Weiss
                                       Christopher A. Seeger
                                       Eric T. Chaffin
                                       One William Street
                                       New York, NY 10004
                                       Telephone:    (212) 584-0700
                                       Facsimile:    (212) 584-0799

                                       COHEN & GRESSER LLP
                                       Lawrence T. Gresser
                                       Karen H. Bromberg
                                       Abe Rappaport (Of Counsel)
                                       100 Park Avenue, 23rd Floor
                                       New York, NY 10017
                                       Telephone:    (212) 957-7600
                                       Facsimile:    (212) 957-4514

                                       *Attorneys for Plaintiff*